## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## BLUEFIELD DIVISION

RICKY D. MORGAN,         )
     Petitioner,          )
                               )
v.                         )          **CIVIL ACTION NO. 1:09-0521**
                               )
EVELYN SEIFERT, Warden,    )
     Respondent.          )

## PROPOSED FINDINGS AND RECOMMENDATION

On May 11, 2009, Petitioner, an inmate at Northern Correctional Center, and acting *pro se*,

filed a Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody.[1]

(Document No. 1.) Petitioner alleges the following grounds for *habeas* relief:

1.     Circuit Court erred by summarily dismissing habeas corpus petition and failing to make specific findings of fact and conclusions of law;
2.     Denial of effective assistance of counsel;
3.     Plea not entered into knowingly and intelligently;
4.     Choice of specific performance of original plea or withdrawal of guilty plea;
5.     Mental incompetence and suffering duress during his conviction of October 6, 1988, within court chambers when a negotiated plea was accepted by court and guilty plea entered by defense counsel; and
6.     Denied his constitutional due process rights by WV Parole Board.

(Document No. 1, pp. 9 - 48.) By Standing Order, this matter was referred to the undersigned United

States Magistrate Judge for the submission of proposed findings of fact and a recommendation for

disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.)

## PROCEDURE AND FACTS

By Indictment filed on June 21, 1988, Petitioner was charged with First Degree Murder in

McDowell County, West Virginia. State v. Morgan, Case No. 88-F-86 (Cir. Ct. McDowell Co. Oct.

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

6, 1988); (Court's Exhibit 1.)[2] Following a plea of guilty, Petitioner was convicted of First Degree Murder on October 6, 1988. (Court's Exhibit 2.) By Order also entered on October 6, 1988, Petitioner was sentenced to life with the recommendation of mercy. (Id.) Petitioner did not appeal his conviction or sentence to the West Virginia Supreme Court of Appeals. (Document No. 1, p. 1.)

On July 5, 2005, Petitioner, proceeding *pro se*, filed his first Petition for Writ of *Habeas Corpus* in the Circuit Court of McDowell County. Morgan v. Haines, Case No. 05-C-186 (Cir. Ct. McDowell Co. Aug. 18, 2006); (Court's Exhibit 3.) The Circuit Court conducted a Status Conference on January 6, 2006. (Id.) By Order dated January 20, 2006, the Circuit Court denied Petitioner's *habeas* petition. (Id.) Petitioner filed a Motion for Reconsideration on June 7, 2006. (Id.) By Order entered on August 18, 2006, the Circuit Court denied Petitioner's Motion. (Id.) Petitioner filed his Notice of Appeal on September 7, 2006. (Id.) On March 15, 2007, the West Virginia Supreme Court refused Petitioner's appeal. State v. Morgan, Case No. 070274 (W. Va. Mar. 15, 2007).

On August 14, 2007, Petitioner, proceeding *pro se*, filed his second Petition for Writ of *Habeas Corpus* in the Circuit Court of McDowell County. Morgan v. Waid, Case No. 07-C-238 (Cir. Ct. McDowell Co. Dec. 10, 2007); (Court's Exhibit 4.) By Order dated December 10, 2007, the Circuit Court denied Petitioner's *habeas* petition. (Id.) Petitioner filed his Notice of Appeal on December 19, 2007. (Id.) On June 26, 2008, the West Virginia Supreme Court refused Petitioner's appeal. (Id.)

---

[2] Attached is a facsimile copy of the Indictment and Sentencing Order involving *State v. Morgan*, Case No. 88-F-86 (Cir. Ct. McDowell Co. Oct. 6, 1988), and the docket sheets involving *Morgan v. Haines*, Case No. 05-C-186 (Cir. Ct. McDowell Co. Aug. 18, 2006), and *Morgan v. Waid*, Case No. 07-C-238 (Cir. Ct. McDowell Co. Dec. 10, 2007), which were obtained from the McDowell County Circuit Clerk's Office by the staff of the undersigned.

## ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 [AEDPA], effective April 24, 1996, provides that Section 2254 *habeas* petitions must be filed within one year after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[3] If the Petitioner does not petition for a Writ of Certiorari in the United States Supreme Court upon the denial of direct review in the highest State Court, then the one-year limitation period begins to run 90 days after judgment is entered in the highest State Court (i.e., when the period for filing a petition for a Writ of Certiorari in the United States Supreme Court expires). See Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000).

Petitioner did not file a direct appeal of his conviction in the West Virginia Supreme Court

---

[3] Title 28, United States Code, Section 2244(d)(1) provides as follows:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

of Appeals, and therefore, his conviction became final by the conclusion of direct review, or the expiration of the time for seeking such review, on February 6, 1989 (four months after Petitioner was convicted and sentenced in the Circuit Court of McDowell County).[4] Thus, Petitioner's conviction became final prior to the enactment of AEDPA. The Fourth Circuit has held that, "in the case of a habeas challenge to a state conviction that became final prior to the enactment of AEDPA, a habeas petitioner is entitled to a one-year grace period from the effective date of the Act, April 24, 1996, in which to file a federal habeas petition." Crawley v. Catoe, 257 F.3d 395, 398 (4th Cir. 2001)(citing Brown v. Angelone, 150 F.3d 370, 375 (4th Cir. 1988)). Accordingly, the one-year period of limitation began to run on April 24, 1996, and would run unless and until Petitioner sought post-conviction relief in the State courts or it expired. If and when Petitioner sought *habeas* relief in the State courts within the one-year period after April 24, 1996, the running of the period of limitation would be tolled and begin running again when Petitioner's *habeas* proceedings were concluded. If Petitioner did not seek *habeas* relief in the State Courts within the one-year period after April 24, 1996, the period would expire and he would lose the opportunity to seek *habeas* relief in the Federal District Court on April 24, 1997.

In the instant case, it appears that Petitioner filed State *habeas* petitions in 2005 and 2007.

---

[4] Rule 37(b)(3) of the West Virginia Rules of Criminal Procedure provides:

(3) Time for Petition for Appeal. - A petition must be filed with the clerk of the circuit court where the judgment, decree or order being appealed was entered within four months of the entry of the circuit court order. The appeal period may be extended, upon request of the appealing party, within four months of the order appealed from for the purpose of preparing a transcript or for good cause, for a period or periods not to exceed a total of two months. When an appeal by the state is authorized by statute, the petition for appeal shall be filed with the clerk of the circuit court within 30 days after entry of judgment or order appealed from.

Therefore, the one-year limitation period expired on April 24, 1997, as Petitioner did not have a State *habeas* petition pending at any time between April 24, 1996, through April 24, 1997. Petitioner's Section 2254 Petition is therefore clearly untimely.

Nevertheless, the one-year limitation period may be subject to equitable modification in appropriate cases. See Harris, 209 F.3d at 328-31. The doctrine of equitable tolling has generally been applied in two distinct situations. First, the doctrine has been applied in situations where the petitioner was prevented from asserting his claims due to the respondent's wrongful conduct. Id. at 330. Second, the doctrine has been applied in situations where the petitioner was prevented from asserting his claims due to circumstances beyond his control. Id.

> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

Harris, 209 F.3d at 330. The undersigned finds that Petitioner has not presented "extraordinary circumstances" beyond his control to justify invoking the doctrine of equitable tolling. A misunderstanding of the statutory limitation period, no matter how innocent it may be, does not constitute "extraordinary circumstances" beyond Petitioner's control to justify equitable tolling of the limitation period.

> [T]the mistake in this case is not extenuated by any lack of clarity in the statute. The language of §§ 2244(d) provides unambiguously that the one-year period within which a federal habeas petition must be filed commences on the "conclusion of direct review." This language does not contribute to a misunderstanding that would have the time commence on the "conclusion of State post-conviction proceedings.

5

Harris, 209 F.3d at 331. Furthermore, the particular "facts and circumstances" of Petitioner's case do not warrant equitable tolling. Petitioner's instant Petition was filed more than twelve years after the Section 2244(d) one-year period expired. The undersigned further notes that Petitioner's first State *habeas* Petition was filed nearly eight years and six months after the Section 2244(d) limitation period expired. Petitioner is, therefore, hereby notified in accordance with the Fourth Circuit's decision in Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002), that the undersigned recommends that his Section 2254 action be dismissed as untimely unless Petitioner can demonstrate that the Petition was filed within the proper time period or circumstances exist which would permit equitable tolling of the limitation period.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Petitioner's Application to Proceed without Prepayment of Fees or Costs (Document No. 2.), **DISMISS** Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody (Document No. 1.) and remove this matter from the Court's docket unless Petitioner can demonstrate within the period of time allotted for objecting to this Proposed Findings and Recommendation that the Petition was filed within the proper time period or circumstances exist which would permit equitable tolling of the limitation period.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 45(e) of the Federal Rules of Criminal Procedure, the parties shall have seventeen days (fourteen days, filing of

objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Faber, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Petitioner and to counsel of record.

Date: February 28, 2012.

R. Clarke VanDervort
United States Magistrate Judge

7