```
           IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT BLUEFIELD
```

RICKY D. MORGAN,

    Plaintiff,

v.                            CIVIL ACTION NO. 1:09-00521

EVELYN SEIFERT, Warden,

    Defendant.

### MEMORANDUM OPINION AND ORDER

By Standing Order, this action was referred to United States Magistrate Judge R. Clarke VanDervort for submission of findings and recommendations regarding disposition pursuant to 28 U.S.C.A. § 636(b)(1)(B). Magistrate Judge VanDervort submitted to the court his Findings and Recommendation on February 28, 2012, in which he recommended that the District Court deny plaintiff's application to proceed without payment of fees and costs, dismiss plaintiff's petition under 28 U.S.C. § 2254, and remove this matter from the court's docket unless the plaintiff can demonstrate within the period of time allotted for filing objections to the PF&R that the petition was filed within the proper time period or circumstances exist which would permit equitable tolling of the limitation period.

In accordance with the provisions of 28 U.S.C.A. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge VanDervort's Findings and Recommendation. The failure of any party to file

such objections constitutes a waiver of such party's right to a <u>de novo</u> review by this court.  <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989).

The parties failed to file any objections to the Magistrate Judge's Findings and Recommendation within the seventeen-day period.  Having reviewed the Findings and Recommendation filed by Magistrate Judge VanDervort, the court adopts the findings and recommendations contained therein.  Accordingly, the court hereby **DENIES** plaintiff's application to proceed without payment of fees and costs, **DISMISSES** plaintiff's petition under 28 U.S.C. § 2254, and **DIRECTS** the Clerk to remove this matter from the court's docket.

Additionally, the court has considered whether to grant a certificate of appealability.  <u>See</u> 28 U.S.C. § 2253(c).  A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable.  <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000); <u>Rose v. Lee</u>, 252 F.3d 676, 683-84 (4th Cir. 2001).  The court concludes that the governing standard is

not satisfied in this instance.  Accordingly, the court DENIES a certificate of appealability.

The Clerk is further directed to forward a copy of this Memorandum Opinion and Order to plaintiff, pro se, and counsel of record.

**IT IS SO ORDERED** this 14th day of May, 2012.

ENTER:

*David A. Faber*
David A. Faber
Senior United States District Judge